UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| Erick Scott Blackwood-Head | § | |
| | § | |
| v. | § | Civil Action No. 2:26-cv-90 |
| | § | |
| Head et al | § | |

## ORDER FOR CONFERENCE AND
## DISCLOSURE OF INTERESTED PARTIES

1. Counsel for each party or each pro se party shall appear by Zoom for an initial pretrial and scheduling conference before:

**United States District Judge David S. Morales**
**on June 11, 2026, at 9:30 a.m.**

Join ZoomGov Meeting
https://www.zoomgov.com/j/1615444251?pwd=R3g5ZnBwdVpvVkFCUlBVS211UXZ4QT09
Meeting ID: 161 544 4251
Password: 020679

2. Counsel for each party shall file with the clerk within fifteen (15) days of the receipt of this Order, a certificate listing all persons, associations of persons, firms, partnerships, corporations, affiliates, parent corporations, or other entities that are financially interested in the outcome of this litigation. If a group can be specified by a general description, individually listing the group is not necessary. Underline the name of each corporation whose securities are publicly traded. If new parties are added or if additional persons or entities who are financially interested in the outcome of the litigation are identified at any time during the pendency of this litigation, then each counsel shall promptly file an amended certificate with the clerk.

3. FED. R. CIV. P. 4(m) requires defendant(s) to be served within ninety (90) days after the filing of the complaint. Failure of plaintiff(s) to file proof of service within ninety (90) days after the filing of the complaint may result in dismissal of this action by the Court on its own initiative.

4. After the parties meet as required by FED. R. CIV. P. 26(f), counsel shall prepare and file not less than fourteen (14) days before the Initial Pretrial Conference a joint report of meeting and joint discovery/case management plan containing the information required on the attached form (Instructions for Preparation of the Joint Report of the Meeting and Joint Discovery/Case Management Plan).

1 / 9

5.  The Court will enter a Scheduling Order and may rule on any pending motions at or before the Initial Pretrial Conference. *See* LOCAL RULE 7 regarding motion practice and submission dates.  The attached Proposed Scheduling Order is a suggestion of dates sent by the Court for review by the parties; nevertheless, counsel must be prepared to justify any departures from the deadlines of the Proposed Scheduling Order.

6.  Counsel who file(s) or remove(s) an action must serve a copy of this Order for Conference and Disclosure of Interested Parties and its attachments with the summons and complaint or with the notice of removal.

7.  Attendance by an attorney who has authority to bind the party is required at the Initial Pretrial Conference.

8.  Counsel shall discuss with their clients and each other whether alternative dispute resolution is appropriate and at the Pretrial Conference shall advise the Court of the results of their discussions.

9.  In order to promote electronic access to case files while also protecting personal privacy and other legitimate interests, all parties must comply with General Order 2003-4 of this Court by refraining from including, or redacting where inclusion is necessary, the following personal identifiers from all pleadings filed with the Court, including exhibits thereto, whether filed electronically or in paper form, unless otherwise ordered by the Court:
    a.  Social Security numbers:  If an individual's social security number must be included in a pleading, only the last four digits of that number should be used.
    b.  Names of minor children:  If the involvement of a minor must be mentioned, only the initials of that child should be used.
    c.  Dates of birth:  If an individual's date of birth must be included in a pleading, only the year should be used.
    d.  Financial account numbers:  If financial account numbers are relevant, only the last four digits of these numbers should be used.

    General Order 2003-4 does not apply to social security and financial account numbers in Bankruptcy Court filings and does not apply to any cases brought pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

10. Failure to comply with this Order may result in sanctions, including dismissal of the action, entry of a default judgment, and/or assessment of fees and costs.

11. Pro Se Litigants are equally bound by the requirements imposed upon counsel in this Order.

*By Order of the Court*

**<u>Instructions for Preparation of the Joint Report of the Meeting and Joint Discovery/Case Management Plan Under Federal Rule of Civil Procedure 26</u>**

FED. R. CIV. P. 26 provides for required disclosures and discovery planning.  The parties are ordered to familiarize themselves with Rule 26 and to prepare a report of their meeting and a case management plan as required by the Rule.

Please restate the following instructions when providing the requested information.

1.   State when the Rule 26 Conference of the parties was held and identify the counsel who attended for each party.

2.   List any cases related to the present action that are pending in any state or federal court, with the style, case number, court, and a brief description of the case.

3.   <u>Briefly</u> describe the pertinent facts and legal theories upon which the present action is based.

4.   Specify the allegation of federal jurisdiction.  Indicate whether the parties agree or disagree with the allegation.  If the parties disagree, indicate the nature of the disagreement.

5.   List any additional parties who may be included, when they can be added, and which party desires to bring them into the litigation.  In diversity jurisdiction cases, this item is intended to trigger the disclosure requirement of TEX. CIV. PRAC. & REM. CODE § 33.004(d) and TEX. R. CIV. P. 194.2(b).

6.   List any anticipated interventions.

7.   If this is a class action, describe any issues regarding certification of the class.

8.   State whether each party represents that it has made the initial disclosures required by Rule 26(a).  If not, describe the arrangements that have been made to complete the disclosures.

9.   Describe the proposed discovery plan the parties have agreed upon, including:

   A.   Responses to all the matters raised in Rule 26(f).

   B.   When and to whom Plaintiff(s) anticipate(s) sending interrogatories.

   C.   When and to whom Defendant(s) anticipate(s) sending interrogatories.

D.      When and from whom Plaintiff(s) anticipate(s) taking oral depositions.

E.      When and from whom Defendant(s) anticipate(s) taking oral depositions.

F.      When Plaintiff(s) (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

G.      List expert depositions Plaintiff(s) (or the party or parties with the burden of proof on an issue) anticipate(s) taking and their anticipated completion date.

H.      List expert depositions the opposing party or parties anticipate(s) taking and their anticipated completion date.

10.   If the parties do not agree on a part of the discovery plan, describe the separate views and proposals of each party.

11.   Specify the discovery, beyond initial disclosures, that has been undertaken to date.

12.   State the date the planned discovery can reasonably be completed.

13.   Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26 Conference, including the suitability of this case for mediation or other alternative dispute resolution.  Include the anticipated date for the provision of a settlement demand by any party seeking affirmative relief.

14.   If all parties consent, a Federal Magistrate Judge may hear both jury and non-jury trials.  Indicate whether or not all parties consent to a trial before a Magistrate Judge. (YES/NO)

15.   State whether a jury demand has been made, and if so, whether it was made on time.

16.   Specify the combined total number of hours it will take both parties to present the evidence in this case.

17.   List pending motions that could be ruled on at the Initial Pretrial Conference.

18.   List other pending motions.

19.   Indicate other matters peculiar to this case—including discovery—that deserve the special attention of the Court at the Initial Pretrial Conference.

20.     Certify that all parties have filed Certificates of Interested Parties—as directed in the Order of Conference and Disclosure of Interested Parties—listing the date of filing for the originals and any amendments to the Certificates.

21.     List the names, bar numbers, addresses, telephone numbers, facsimile numbers, and electronic mail addresses of all counsel and <u>pro</u> <u>se</u> parties.

*By each of our signatures below, Counsel represent that each understands that the Court will rely on these representations in entering its Scheduling Order.*

_____

Counsel for Plaintiff(s)                    Date

_____

Counsel for Defendant(s)                    Date

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| Erick Scott Blackwood-Head | § | |
| | § | |
| v. | § | Civil Action No. 2:26-cv-90 |
| | § | |
| Head et al | § | |

**PROPOSED SCHEDULING ORDER**

1. **JURY SELECTION and TRIAL** is set for **April 26, 2027, at 8:30 a.m.** before United States District Judge David. S. Morales at the United States District Courthouse, Third Floor Courtroom (319), 1133 N. Shoreline Blvd., Corpus Christi, Texas.  If the parties are prepared for trial before this date, a Joint Motion and Proposed Order indicating that the case is ready for trial and requesting an earlier date may be filed with the Court. See below for information regarding usage of courtroom technology equipment.

2. The deadline for **JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS** is **September 15, 2026**.  This provision does not relieve the parties from the requirement of obtaining leave to file the pleading or add parties whenever required by the Federal Rules of Civil Procedure (e.g., FED. R. CIV. P. 15(a)(2)).

3. **DESIGNATION OF EXPERTS BY PLAINTIFFS** must take place on or before **September 15, 2026**. **DESIGNATION OF EXPERTS BY DEFENDANTS** must take place on or before **October 15, 2026**. Written reports by experts under FED. R. CIV. P. 26(a)(2)(B) are due at the time of designation of each expert.  Parties are ordered to file only a list of proposed witnesses with the Court pursuant to Rule 26, but **NOT** reports or other discovery materials.

4. A **DEMAND LETTER** must be presented to Defendant(s) no later than **September 29, 2026**, and a **RESPONSE** is due **thirty (30) days** after receipt of the demand letter.  The parties shall not file the demand or response with the Court; however, a **STATEMENT OF INTENT REGARDING MEDIATION** must be filed with the Court on **November 16, 2026**.

5. **DISCOVERY** shall end on **November 16, 2026**.

6. Except for good cause, the deadline for filing all **DISPOSITIVE AND DAUBERT MOTIONS** is on 10:00 AM **December 15, 2026**.  Pursuant to Local Rule 7.4, failure to respond by the submission date provided by the Local Rules or as modified

by the Court will be considered by the Court as if the motion is unopposed, and the motion may be granted.

7. A **STATUS CONFERENCE** will be held on **February 18, 2027, at 10:30 a.m.** The Parties should be prepared to discuss discovery, any pending motions, any additional motions anticipated by the parties, the possibility of settlement, and mediation.

   Join ZoomGov Meeting
   https://www.zoomgov.com/j/1615444251?pwd=R3g5ZnBwdVpvVkFCUlBVS211UXZ4QT09
   Meeting ID: 161 544 4251
   Password: 020679

8. The parties' **JOINT PRETRIAL ORDER**, together with **WITNESS LISTS, EXHIBIT LISTS, MOTIONS IN LIMINE, and DESIGNATION OF DEPOSITION EXCERPTS FOR WITNESSES BEING CALLED BY DEPOSITION** shall be filed no later than **April 1, 2027**.  Plaintiff(s) will be responsible for the filing of a Joint Pretrial Order, executed by the attorney-in-charge for each party, and conforming fully with the form set out in Appendix B of the Local Rules of the Southern District of Texas.  This satisfies the requirements of FED. R. CIV. P. 26(a)(3).  Plaintiff(s) shall allow all parties at least **fifteen (15) business days** for review and contribution.  In the event of any failure to cooperate in signing the Joint Pretrial Order, a party may file, by the Joint Pretrial Order deadline, a motion for leave to file a Joint Pretrial Order without the signature of all counsel, showing good cause.  Differences of the parties concerning any matter relevant to a pretrial order will be set forth in the Joint Pretrial Order at the appropriate place.  Willful or indifferent failure to submit a well-prepared Joint Pretrial Order in a timely fashion or to respond to its completion is cause for dismissal in the case of Plaintiff, or in the case of Defendant, is cause for default.

9. **DISPUTES REGARDING MATTERS ACCOMPANYING JOINT PRETRIAL ORDER**.  Parties are ordered to confer regarding the substance of motions in limine, exhibit and witness lists, deposition excerpts, and any other documents submitted with the Joint Pretrial Order to resolve matters on which the parties can agree so that the Court's attention is directed only to specific matters in genuine dispute.  Parties are ordered to file with the Court a notice identifying any remaining objections to those documents no later than **April 8, 2027**.

10. **FINAL PRETRIAL CONFERENCE** is set for **April 15, 2027, at 2:00 p.m.** before United States District Judge David S. Morales at the United States District Court, Third Floor Courtroom (319), 1133 N. Shoreline Blvd., Corpus Christi, Texas.  The attorney-in-charge for each party is required to be present.

11. **MOTION PRACTICE**.  All pleadings, motions, briefs, memoranda, and requests for affirmative relief will be directed to the Court **in pleading form**, not correspondence form, through the United States District Clerk in Corpus Christi, Texas:

**United States District Clerk**
**Corpus Christi Division**
**Southern District of Texas**
**1133 N. Shoreline Blvd.**
**Corpus Christi, TX 78401**

    a. You are requested **NOT** to use the informality of letter briefs, letters citing authorities, or letters requesting continuances or other affirmative relief. Additionally, do not copy the Court on letters between the parties.

    b. Local Rule 7 provides rules and deadlines for pre-trial motions.  Counsel must familiarize themselves with this rule.

    c. Certificates of conference are required on most pre-trial motions.

    d. Failure to respond within the deadline may result in the granting of the relief requested.

    e. In addition to the provisions of Local Rule 7, this Court **ORDERS** that legal memoranda, including motions and responses, greater in length than **twenty-five (25) pages** shall **NOT** be filed without leave of Court.  Page limits may not be circumvented by filing multiple separate motions seeking the same or similar relief, font less than 12-point (13-point font or larger is preferred), margins less than one inch, line spacing less than double (with the exception of appropriate block indents and footnotes), or excessive use of footnotes.  If deposition testimony is attached as an exhibit, it shall be submitted in the condensed or mini-script format, i.e., four pages to one page.

    f. Replies in support of motions of no more than ten (10) pages may be filed with this Court without first obtaining leave of Court.  However, the Court may in its discretion rule on a motion without awaiting any reply.  Any party planning to file a reply should file a notice of intention along with the date by which the reply will be filed so that the Court may schedule its workload accordingly.

    g. Any additional memoranda (such as sur-replies) are not permitted without leave of Court and may not exceed five (5) pages absent specific relief from the page limitation.

12. **PREMOTION CONFERENCE REQUIREMENT FOR DISCOVERY MOTIONS**.  Any party wishing to make any discovery motions must arrange for a premotion conference with the Court before the preparation and submission of any

motion papers.  That includes a motion to compel, to quash, for protection, or for sanctions.  Email Ms. Rodriguez at Arlene_Rodriguezclancy@txs.uscourts.gov to arrange for a premotion conference.  Notify your adversary of the date and time for the conference.  Failure to comply with the premotion conference requirement may result in the Court striking the motion without notice.

13. **IT EQUIPMENT**.  The courtroom is equipped with computer technology for displaying images on a large screen and on monitors for the judge, jury, and witness.  However, attorneys who plan to use that equipment must know in advance how the equipment works and which type of equipment is compatible with the system.  Attorneys must arrange with the Case Manager at least one day in advance of the use of the equipment for hearing or for trial to familiarize themselves with the system.  As technology is always changing, attorneys should check with the Case Manager each time use is requested.  Failure to do so will not be permitted to delay the proceedings or the Court's docket.